IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOAQUIN GOMEZ-MARTINEZ | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| ROY KINSINGER, and HORIZON TRANSPORT, INC. | ) ) ) | No. |
| Defendants. | ) ) | Plaintiff Demands Jury Trial |

## COMPLAINT AT LAW

### JURISDICTION AND VENUE

1. This is an action for negligence in the operation of a semi-tractor trailer by Defendant ROY KINSINGER, a citizen of the State of Pennsylvania, domiciled there with physical presence and intent to remain in that state at the time of this filing, which resulted in a bodily injury to Plaintiff, JOAQUIN GOMEZ-MARTINEZ, citizen of the State of Illinois.

2. On or before August 12, 2016, Plaintiff, JOAQUIN GOMEZ-MARTINEZ, resided at 237 Orchard Avenue, in the City of Waukegan, County of Lake and State of Illinois.

3. On or before August 12, 2016, Defendant, ROY KINSINGER, resided at 279 Furnace Road, Greenville, Pennsylvania.

4. On or before August 12, 2016, Defendant HORIZON TRANSPORT, INC., was a foreign corporation doing business and engaging in continuous and systematic contacts in the State of Illinois, with its corporate headquarters and/or registered address located at 407 Wabash Avenue, Wakarusa, Indiana.

5. On or before August 12, 2016 Defendant, ROY KINSINGER was an employee of Defendant HORIZON TRANSPORT, INC., INC.

6. The amount for this action exceeds $75,000.00.

7. Jurisdiction of this Court is proper under 28 U.S.C. 1332.

## COUNT ONE
### (Negligence)
### (JOAQUIN GOMEZ-MARTINEZ v. ROY KINSINGER)

NOW COMES the Plaintiff, JOAQUIN GOMEZ-MARTINEZ, by and through his attorneys, BEKKERMAN LAW OFFICES, LLC., and for Count One of his Complaint at Law, against defendant ROY KINSINGER, states:

1. On or before August 12, 2016, the Plaintiff, JOAQUIN GOMEZ-MARTINEZ, was a resident in the City of Waukegan, County of Lake, and State of Illinois.

2. On or before August 12, 2016, Defendant, ROY KINSINGER, ("KINSINGER") was a resident of Greenville, County of Mercer, and State of Pennsylvania.

3. On August 12, 2016, and at all times relevant to this claim, Defendant HORIZON TRANSPORT, INC., was a foreign corporation doing business and engaging in continuous and systematic contacts in the State of Illinois, with its corporate headquarters and/or registered address located at 407 Wabash Avenue, Wakarusa, Indiana.

4. On August 12, 2016, and at all times relevant to this claim, Defendant KINSINGER was an agent, employee or servant of HORIZON TRANSPORT, INC., and was at all times acting in the course and scope of his employment for HORIZON TRANSPORT, INC.

5. On August 12, 2016, Defendant KINSINGER was operating a 2016 Ford semi-tractor trailer truck, and driving that truck in an eastbound direction on Interstate 80 at or near mile marker 202.5 in the City of Windham, County of Portage, State of Ohio.

6. On August 12, 2016, Defendant KINSINGER was operating the 2016 Ford semi-tractor trailer truck as an agent, employee, contractor or servant of Defendant HORIZON TRANSPORT, INC. in the furtherance of his work for Defendant HORIZON TRANSPORT, INC., INC.

7. While operating then 2016 Ford semi-tractor trailer truck, Defendant KINSINGER owed a duty of reasonable care in the operation of that semi-tractor trailer in order to avoid colliding with, striking, or contacting other vehicles on the roadway, including the motor vehicle that Plaintiff, JOAQUIN GOMEZ-MARTINEZ, was operating.

8. On August 12, 2016, Plaintiff, JOAQUIN GOMEZ-MARTINEZ, was operating a motor vehicle, a 2006 Scion TC, and was traveling eastbound on Interstate 80 at or near mile marker 202.5 in the area of Windham, Ohio.

9. At that time and place, Defendant, KINSINGER, collided with, struck and/or contacted the 2006 Scion TC operated by JOAQUIN GOMEZ-MARTINEZ, causing Plaintiff's motor vehicle to spin into the left concrete barrier.

10. On August 12, 2016, JOAQUIN GOMEZ-MARTINEZ was injured.

11. At that time and place, Defendant KINSINGER, individually, and as an agent, servant, or employee of Defendant HORIZON TRANSPORT, INC. was then and there guilty of one or more of the following acts and/or omissions:

    (a) Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the semi-tractor trailer truck defendant KINSINGER was driving;

    (b) Failed to keep an adequate or any lookout and attention for other vehicles on the roadway, including the one JOAQUIN GOMEZ-MARTINEZ was driving;

    (c) Failed to yield the right of way to the motor vehicle being operated by JOAQUIN GOMEZ-MARTINEZ;

(d) Drove HORIZON TRANSPORT, INC.'s tractor-trailer at a speed that was greater than was reasonable given the traffic conditions and the use of the highway;

(e) Failed to keep an adequate distance from behind the vehicle operated by JOAQUIN GOMEZ-MARTINEZ;

OR

(f) Was otherwise negligent or careless.

12. One or more of these acts and/or omissions of defendant KINSINGER was a proximate cause of the contact between KINSINGER's semi-tractor trailer truck and the motor vehicle that JOAQUIN GOMEZ-MARTINEZ was driving.

13. As a direct and proximate result of one or more of these acts and/or omissions by defendant KINSINGER, Plaintiff, JOAQUIN GOMEZ-MARTINEZ sustained severe and permanent injury and further has incurred extensive medical costs and procedures in being treated for said injuries, has incurred lost wages, and further has and will in the future be prevented from attending his usual, normal customary occupation and customary affairs of life and also sustained and will continue to sustain significant pain and suffering and disability.

WHEREFORE, Plaintiff JOAQUIN GOMEZ-MARTINEZ, demands judgment against Defendant KINSINGER, in a sum in excess of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), plus costs.

## COUNT TWO
(Negligence)
(JOAQUIN GOMEZ-MARTINEZ v. HORIZON TRANSPORT, INC.)

NOW COMES the Plaintiff, JOAQUIN GOMEZ-MARTINEZ, by and through his attorneys, BEKKERMAN LAW OFFICES, LLC., and for Count Two of his Complaint at Law, against defendant HORIZON TRANSPORT, INC., states:

4

1-10. Plaintiff adopts and re-alleges Paragraphs One (1) through Ten (10) of Count One of this Complaint at Law as Paragraphs One (1) through Ten (10) are inclusive of this Count Two, as though fully set forth herein.

11. At that time and place, Defendant, HORIZON TRANSPORT, INC., by and through its agent, employee or servant KINSINGER, was then and there guilty of one or more of the following acts and/or omissions:

    (a) Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the semi-tractor trailer truck defendant KINSINGER was driving;

    (b) Failed to keep an adequate or any lookout and attention for other vehicles on the roadway, including the one JOAQUIN GOMEZ-MARTINEZ was driving;

    (c) Failed to yield the right of way to the motor vehicle being operated by JOAQUIN GOMEZ-MARTINEZ;

    (d) Drove HORIZON TRANSPORT, INC.'s tractor-trailer at a speed that was greater than was reasonable given the traffic conditions and the use of the highway;

    (e) Failed to keep an adequate distance from behind the vehicle operated by JOAQUIN GOMEZ-MARTINEZ;

OR

    (f) Was otherwise negligent or careless.

13. One or more of these acts and/or omissions of Defendant HORIZON TRANSPORT, INC., by and through its agent, employee or servant, KINSINGER, was a proximate cause of the contact between the semi-tractor trailer truck KINSINGER was driving and the motor vehicle that JOAQUIN GOMEZ-MARTINEZ was driving.

14. As a direct and proximate result of one or more of these acts and/or omissions by Defendant HORIZON TRANSPORT, INC., by and through its agent, employee or servant, KINSINGER,

Plaintiff, JOAQUIN GOMEZ-MARTINEZ, sustained severe and permanent injury and further has incurred extensive medical costs and procedures in being treated for said injuries, has incurred lost wages, and further has and will in the future be prevented from attending his usual, normal customary occupation and customary affairs of life and also sustained and will continue to sustain significant pain and suffering and disability.

WHEREFORE, Plaintiff, JOAQUIN GOMEZ-MARTINEZ, demands judgment against Defendant HORIZON TRANSPORT, INC., in a sum in excess of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), plus costs.

Respectfully submitted,

BEKKERMAN LAW OFFICES, LLC

By: s/Gerald J. Bekkerman
Gerald J. Bekkerman

BEKKERMAN LAW OFFICES, LLC
444 North Michigan Avenue Suite #1000
Chicago, IL 60654
T: 312-254-7399
F: 312-265-3977 Facsimile
Ardc no: 6292372

6